MARIA C. PEREIRA *vs.* HARRY WAXMAN *et al.*

JULY 30, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

(For former opinion see 71 R. I. 439.)

PER CURIAM. After our opinion in this cause was filed, *Pereira* v. *Waxman,* 71 R. I. 439, the complainant requested

and received permission of this court to file a motion for reargument. In granting such motion we expressly limited the reargument to two grounds: "first, that the time necessary to complete the respondent's right, by prescription, to maintain and to use certain sewer pipes extending under complainant's property and into the drain on Mount Vernon street could not run against the complainant as a mortgagor, who did not hold the legal title to the property during that period, and, secondly, that the decree of the superior court requires modification because it was based solely upon a ground which was inconsistent with our opinion."

In accordance with that permission the matter was heard on oral reargument and additional briefs were filed by the parties. The complainant repeats the gist of many of the arguments that were made at the original hearing by other counsel of record. So far as they relate to matters that are not within the grounds to which the reargument was limited they are not in point and are not now considered.

On the first question before us the complainant argues substantially that an easement by way of prescription or adverse possession could not begin to run against the servient estate until 1942, when the mortgage was paid off in full. In other words, she contends that the legal title to the servient estate during all the period relied upon by the respondents to establish an easement by prescription was in the mortgagee and that the complainant mortgagor in possession held only the right of redemption. Since there was no evidence of notice or knowledge of the existence and adverse user of the pipes under the servient estate which came to the attention of the mortgagee, she argues that prescription could not possibly be established.

In our opinion the sufficient answer to this contention is that the rights of the mortgagee are nowhere involved. Neither the complainant nor the respondents derived their respective titles from or under the mortgagee. Nobody

claiming under the mortgagee is a party, and the mortgage itself is no longer subsisting. Hence in the circumstances complainant cannot rely on any rights which the mortgagee or one claiming under him might have had in opposition to the respondents' claim of such an easement. Moreover as against everyone but the mortgagee a mortgagor is deemed to be the owner of mortgaged land. *Houle* v. *Guilbeault*, 70 R. I. 421. Therefore in the instant case, so far as respondents' claim against complainant is concerned, it was sufficient for them to show notice to complainant and the lapse of the requisite period to establish that easement by prescription. Complainant had such notice and did nothing to interrupt the continuous adverse user by the respondents and their predecessors in title.

As for the necessity to change the decree, which was included in the second ground of the reargument, we find nothing in our opinion which was essentially inconsistent with certain provisions of that decree. All the findings with regard to prescription appear in substance in the first paragraph of the decree entered in the superior court, and the effect of the other paragraphs are not inconsistent with the ultimate result reached by this court.

After careful consideration we are of the opinion that nothing has been shown under the two grounds to which reargument was limited which, in the circumstances appearing in this record, would require us as a matter of law to reverse our opinion or to change the decree.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.